IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES R. DICKERSON | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| MICHAEL WENEROWICZ, ET AL. | : | NO. 09-5077 |

**O R D E R**

AND NOW, this 22nd day of March, 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and after review of United States Magistrate Judge Jacob P. Hart's Report and Recommendation (Docket No. 14), and consideration of Petitioner's Motion to Reconsider the Report and Recommendation (Docket No. 16) and Memorandum of Law in Support of Amended Motion to Reconsider the Report and Recommendation (Docket No. 17), **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion is **DENIED** and the objections therein are **OVERRULED**.

2. The Report and Recommendation of Judge Hart is **APPROVED** and **ADOPTED**.[1]

3. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

---

[1] Petitioner has filed a Motion to Reconsider the Report and Recommendation, which we treat as objections to Magistrate Judge Hart's Report and Recommendation, and a Memorandum of Law in Support of Amended Motion to Reconsider the Report and Recommendation, which includes what we will treat as supplemental objections. Petitioner's initial and supplemental objections largely present no new issues and arguments; rather, Petitioner primarily re-argues that his trial and PCRA counsel were ineffective, arguments that Magistrate Judge Hart correctly and adequately addressed and rejected as untimely. Indeed, as the Magistrate Judge correctly explained, Petitioner's statute of limitations for filing a petition for habeas corpus relief expired on January 27, 2003, and there are not circumstances that warrant equitable tolling. Petitioner argues that an Order that we issued on November 24, 2009, in which we noted that his petition is not a prohibited second or successive petition, demonstrates that his petition is not untimely. See Dickerson v. Shannon, Civ. A. No. 09-5077 (E.D. Pa. Nov. 24, 2009) (Docket No. 2); Pet'r Mot. to Reconsider at 3. However, the fact that his petition was not a prohibited second or successive petition is irrelevant to the timeliness inquiry. Accordingly, we adopt the Magistrate Judge's Report and Recommendation and deny the Petition for habeas relief.

4. Because the Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.